UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

KIM R. JONES,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:08-cv-562

HONORABLE PAUL L. MALONEY

Magistrate Judge Joseph Scoville

---

# ORDER

## Directing the Commissioner to Respond to the Plaintiff's Objections

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to the Honorable Joseph G. Scoville, United States Magistrate Judge, who issued a Report and Recommendation ("R&R") on Tuesday, September 8, 2009. Plaintiff filed timely objections on Monday, September 21, 2009,[1] and the court would benefit from the defendant's response.

---

[1] Under W.D. MICH. LCIVR 5.7(d)(i)(ii), service of an electronically filed document on a registered attorney is deemed complete upon the transmission of a Notice of Electronic Filing to that attorney by e-mail. Accordingly, absent any allegation or evidence to the contrary, the court finds that plaintiff was served with the R&R on the same date that it was electronically filed by the Magistrate Judge: Tuesday, September 8. *See Swift v. SSA*, 2009 WL 198526 (W.D. Mich. Jan. 27, 2009) (Maloney, C.J.) (applying rule to find that counsel was served with R&R on the same date it was issued); *Malik v. AT&T Mobility, LLC*, 2009 WL 198710, *6 (W.D. Mich. Jan. 23, 2009) (counsel was served with summary-judgment motion on same date that the adversary e-filed it).

After being served with an R&R, the parties had ten days to file objections. *Heggie v. MDOC*, 2009 WL 36612, *1 (W.D. Mich. Jan. 5, 2009) (Maloney, C.J.) (citing 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72 and W.D. MICH. LCIVR 72.3(b)).

In pages 8-9 of her opening brief before the Magistrate Judge, plaintiff Jones argued that this case is very similar to another Social Security disability appeal adjudicated by this judge: *Curtis Edwards v. SSA*, No. 2007-cv-848-PLM/ESC (W.D. Mich.). In that case,

> The ALJ determined that Plaintiff suffered from the following severe impairments: (1) borderline intellectual functioning, (2) mild mental retardation, and (3) dysthymia. The ALJ further determined, however, that these impairments, whether considered alone or in combination, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. The ALJ concluded that while Plaintiff was unable to perform his past relevant work, there existed a significant number of jobs which he could perform despite his limitations. Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act.

*Curtis Edwards v. SSA*, No. 2007-cv-848, 2008 WL 4425587, *5 (W.D. Mich. Sept. 26, 2008) (R&R of M.J. Ellen S. Carmody). In that case, Magistrate Judge Carmody issued an R&R recommending that the ALJ's determination was not supported by substantial evidence; she recommended that the matter be reversed and remanded for the payment of benefits. *See Edwards*, 2008 WL 4425587 at *5-8. Plaintiff Edwards did not file objections, so there was no occasion or obligation to undertake *de novo* review; accordingly, the court adopted Magistrate Judge Carmody's R&R, reversing and remanding to the SSA for payment for benefits. *See Edwards*, 2008 WL 4425587 at *1-2.

The Commissioner's response brief before the Magistrate Judge in the instant case did not attempt to address Jones' argument that this court's decision in favor of the plaintiff in *Curtis*

---

The ten days did not start until Wednesday, September 9, the day after the parties were deemed served by NEF, and weekends and federal holidays are excluded. *Heggie*, 2009 WL 36612 at *1 (citing FED. R. CIV. P. 6(a)(1) (when calculating a time period, the period does not begin until the day after the event that triggers the right or obligation) and FED. R. CIV. P. 6(a)(2) (when calculating a time period shorter than eleven days, the court must exclude weekends and holidays)). Therefore, day three was Friday, September 11. The weekend was excluded. Days four through eight ran from Monday, September 14 through Friday, September 18. The weekend was again excluded, and days nine and ten were Monday, September 21 and Tuesday, September 22.

*Edwards v. SSA* counsels the same result here.

Likewise, the portion of Magistrate Judge Scoville's R&R which analyzes Listing 12.05C in the instant case does not address Jones's argument by analogy to *Curtis Edwards v. SSA*.

## ORDER

No later than Wednesday, October 14, 2009, Defendant **SHALL FILE** a brief responding to Plaintiff's objections. Said brief **SHALL STATE** whether *Edwards v. SSA*, 2008 WL 4425587 (W.D. Mich. Sept. 26, 2008) is distinguishable from the instant case, and if so, how.

This is not a final order.

**IT IS SO ORDERED this  24th   day of September 2009.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge